# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. CUNNINGHAM,<br><br>  Plaintiff,<br><br>vs.<br><br>JOHN MARSHALL,<br><br>  Defendant. | CASE NO. 07cv2183<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE OBJECTION TO REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>[Docs. 81, 82 & 84] |

On May 25, 2010, Magistrate Judge Barbara Lynn Major issued a Report and Recommendation ("R&R") denying Petitioner James H. Cunningham's ("Petitioner's") Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner's objections to the R&R were originally due on or before June 16, 2010. On July 1, 2010, this Court granted Petitioner an extension of time to file his objections, until August 27, 2010. Petitioner now seeks an additional sixty day extension to file his objections. Petitioner's request is granted. Petitioner shall file his objections to the R&R no later than **November 1, 2010.** Defendant shall file his reply no later than **November 22, 2010**.

/ / /

/ / /

1   Petitioner has also filed two motions for appointment of counsel, one titled "Appointment of
2   Counsel for the Incompetent" and one titled "Appointment of Counsel for the Indigent." Petitioner
3   has previously filed similar motions seeking counsel. On August 1, 2008, Magistrate Judge Ruben
4   Brooks denied Petitioner's request for counsel. (Doc. 34.) The magistrate judge found Petitioner had
5   not produced substantial evidence of incompetence to be appointed a guardian ad litem or counsel.
6   (Doc. 34 at 6.) Specifically, after a review of Petitioner's medical records, the magistrate judge
7   concluded that "Petitioner suffers from depression and anxiety, and he has been regularly prescribed
8   antidepressant medication while he has been in prison. Nevertheless, his doctors consistently indicated
9   that his cognition and thought processes were within normal limits, he was focused and coherent, and
10  he had only mild limitations in social functioning." (*Id.*) Further, the magistrate judge found that the
11  interests of justice did not require appointment of counsel because Petitioner had adequately presented
12  his claims in his Amended Petition. (*Id.* at 8-10.)

13  On December 31, 2008, Petitioner filed another motion to appointment counsel on the grounds
14  that he was indigent. (Doc. 51.) He also moved for reconsideration of Magistrate Judge Brooks'
15  previous ruling. (Doc. 53.) On January 15, 2009, Magistrate Judge Barbara Major denied Petitioner's
16  request for reconsideration. (Doc. 54.) The magistrate judge found that Petitioner had not submitted
17  new evidence indicating he was incompetent or that he had difficulty understanding court orders. (*Id.*
18  at 4.) The magistrate judge also found that Petitioner's claims of indigency did not warrant
19  reconsideration of the previous ruling that the interests of justice did not require appointment of
20  counsel. (*Id.* at 5.)

21  Petitioner now contends he needs counsel because he is "triple CMH and is under five different
22  medications and finds it impossible to defend himself." (Doc. 81.) Other than this statement,
23  Petitioner does not submit any evidence of incompetence, such as medical records or sworn
24  declarations. "A party proceeding pro se in a civil lawsuit is entitled to a competency determination
25  when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th
26  Cir. 2005). Substantial evidence of incompetence may include evidence that a petitioner "suffers from
27  a mental illness, the mental illness prevents him from being able to understand and respond to the
28  court's order, and he was still suffering from the illness during the relevant time period." *Id.* Here,

Petitioner has not put forth substantial evidence of incompetence, and indeed, has shown that he is able to understand and respond to the Court's orders. Accordingly, Petitioner's motion is denied.

Petitioner also seeks counsel on the grounds that he is indigent. Under 18 U.S.C. § 3006A(a)(2), the district court may appoint counsel for financially eligible petitioners seeking relief under 28 U.S.C. § 2241 when the interests of justice so require. The court considers whether there is a likelihood of success on the merits of the petition and whether the unrepresented petitioner has the ability to articulate his claims in light of the complexity of the issues presented. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In this case, the interests of justice do not require appointment of counsel. Petitioner's motion is denied without prejudice.

**IT IS SO ORDERED.**

DATED: August 30, 2010

HON. DANA M. SABRAW
United States District Judge